**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KNOWLEDGE LEARNING CORPORATION, a foreign business corporation; KINDERCARE LEARNING CENTERS, INC., a foreign business corporation,<br><br>              Plaintiffs - Appellees,<br><br>      v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, a foreign insurance company,<br><br>              Defendant - Appellant,<br><br>DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, a foreign insurance company,<br><br>              Defendant - Appellee. | No. 11-35160<br><br>D.C. No. 3:10-cv-00188-ST<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

---

  [*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted March 6, 2012
Portland, Oregon

Before: W. FLETCHER, FISHER and BYBEE, Circuit Judges.

Umbrella insurer National Union Fire Insurance Company (National Union) appeals the district court's order granting summary judgment to (a) primary insurer Discover Property & Casualty Insurance Company (Discover) and (b) insured Knowledge Learning Corporation and KinderCare Learning Centers, Inc. (collectively "KLC"). National Union argues that the district court erred when it concluded that six separate lawsuits filed against KLC, each involving allegations of abuse against a different victim, constitute a single "occurrence" under Discover's policy. We have jurisdiction under 28 U.S.C. §§ 1291 and 1294, and we affirm.

The disputed policy language reads:

> [1] "Occurrence" means an act or threatened act of abuse or molestation. [2] All "bodily injury" and "personal and advertising injury" arising out of the acts of abuse or molestation by one person or two or more persons acting together toward any one person will be deemed a single "occurrence." [3] A *series of related acts of abuse* or molestation will be treated as a single "occurrence."

(Emphasis added.) National Union contends that the phrase a "series of related acts of abuse" refers only to related acts involving a single victim, such that the

lawsuits at issue here – involving six different victims – constitute separate occurrences. KLC maintains that a "series of related acts of abuse" can involve multiple victims, such that the lawsuits at issue here involve a single occurrence. We agree with KLC.

1. Plain Meaning. We begin by looking to the plain meaning of the phrase. *See Holloway v. Republic Indem. Co. of Am.*, 147 P.3d 329, 333-34 (Or. 2006) (citing *Groshong v. Mut. of Enumclaw Ins. Co.*, 985 P.2d 1284, 1287 (Or. 1999)). A "series of related acts of abuse" could cover this situation where the acts of abuse took place during a reasonably short time frame, at the same daycare facility, in the same classroom, by the same two people and involved similarly improper abusive conduct. We cannot, however, discern from the dictionary definitions of "series" and "related" alone whether the policy intends to collapse abuse against multiple victims into a single occurrence.

2. Contextual Meaning. We therefore "examine the phrase in light of the particular context in which that [phrase] is used in the policy and the broader context of the policy as a whole." *Holloway*, 147 P.3d at 334 (alteration in original) (internal quotation marks and citation omitted). National Union reads the third sentence as applying only to related acts of abuse against a single victim. There are two problems with that reading. First, we would have to read language –

3

the words "against a single victim" – into the policy. *See* Or. Rev. Stat. § 42.230 (the court may not insert words into a contract); *see also Holloway*, 147 P.3d at 334. Second, National Union's reading would make the third sentence redundant. Sentence two already provides that "acts of abuse" against a single victim, whether related or not, "will be deemed a single 'occurrence.'" If sentence three does nothing more than provide that *related* acts of abuse against a single victim will be treated as a single occurrence, it is unclear what purpose sentence three serves: a "series of related acts of abuse" toward any one person in sentence three would always be encompassed within the broader, unqualified "acts of abuse . . . toward any one person" in sentence two. *See, e.g.*, *Hoffman Constr. Co. of Alaska v. Fred S. James & Co. of Or.*, 836 P.2d 703, 707 (Or. 1992) ("We must assume that parties to an insurance contract do not create meaningless provisions" and interpret the policy "'so that no part of it is ignored and effect can be given to every word and phrase.'") (quoting *New Zealand Ins. v. Griffith Rubber*, 526 P.2d 567, 569 (Or. 1974)). National Union has not offered any examples of situations in which

4

its reading of sentence three would apply that would not also be encompassed by sentence two.[1]

By contrast, under KLC's interpretation we would not have to read words into the contract. Furthermore, although the second and third sentences may overlap (for example, two perpetrators jointly engage in a series of related acts of abuse against the same victim), there are scenarios where the second sentence would apply and the third would not (one perpetrator abuses one victim in two very different ways), and where the third sentence would apply and the second would not (one perpetrator abuses multiple victims in a similar way). We thus agree with the district court that the phrase a "series of related acts of abuse" refers to related acts of abuse whether involving one or multiple victims. The district court therefore properly granted summary judgment in favor of KLC and Discover.

**AFFIRMED.**

---

[1]Although sentence two is limited to "all 'bodily injury' and 'personal and advertising injury,'" these are the only types of injury covered by the endorsement. Accordingly, sentences two and three cannot be distinguished as applying to different types of injury.

5